**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **DARICK PUTNEY** | § | |
| | § | |
| | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | |
| **ARIZONA BEVERAGES USA, LLC,** | § | |
| **REFRESCO BEVERAGES US INC., and** | § | |
| **REFRESCO US HOLDING INC.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff Darick Putney files this, his Original Complaint, complaining of and against Defendants AriZona Beverages USA, LLC, Refresco Beverages US Inc., and Refresco US Holding Inc.  For cause of action, Plaintiff respectfully shows this Court the following:

## I.    PARTIES

1.    Plaintiff Darick Putney is an individual who is a citizen of the State of Texas. Plaintiff resides in Gregg County, Texas.

2.    Defendant AriZona Beverages USA, LLC ("AriZona"), is a limited liability company formed and operating pursuant to the laws of the State of New York.  The identity of this Defendant's members are unknown to Plaintiff; however, on information and belief, this Defendant is **not** deemed a citizen of the State of Texas (and its members are likely the other entities named as defendants herein).  Defendant AriZona Beverages USA, LLC, may be served with summons and a copy of this complaint by serving its registered agent for service of process in this state, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201 via personal service or via certified mail, return receipt requested.

1

3.      Defendant Refresco Beverages US Inc., is a for-profit corporation formed and operating pursuant to the laws of the State of Georgia.  Defendant Refresco Beverages US Inc., maintains its principal place of business in Tampa, Florida.  Accordingly, it is deemed to be a citizen of both the State of Georgia and the State of Florida.  Defendant Refresco Beverages US Inc., may be served with summons and a copy of this complaint by serving its registered agent for service of process in this state, Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, Texas 78735, via personal service or via certified mail, return receipt requested.

4.      Defendant Refresco US Holding Inc., is a for-profit corporation formed and operating pursuant to the laws of the State of Delaware.  Defendant Refresco US Holding Inc., maintains its principal place of business in Tampa, Florida.  Accordingly, it is deemed to be a citizen of both the State of Georgia and the State of Florida.  Defendant Refresco US Holding Inc., may be served with summons and a copy of this complaint by serving its registered agent for service of process, Registered Agent Solutions, Inc., 838 Walker Road, Suite 21-2, Dover, Delaware 19904, via personal service or via certified mail, return receipt requested.

## II.      JURISDICTION AND VENUE

5.      The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the named Plaintiff and the named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.  Specifically, the product at issue herein reached Plaintiff, the end consumer, via

2

a sale conducted at the Brake Time Corner Market #178 located at 1711 Judson Road, Longview, Texas 75605, which is within the Eastern District of Texas and lies 24.5 miles from the Sam B. Hall, Jr., Federal Building and United States Courthouse in Marshall.

7.      Each Defendant herein currently sustains (and sustained at all times relevant to this lawsuit) sufficient continuous and systematic contacts with the State of Texas as to confer personal jurisdiction over each Defendant herein as described below:

    a.  Defendant AriZona Beverages USA, LLC, markets and sells its products (which include, but are not limited to, canned and bottled iced tea beverages, fruit juices, mixtures of iced tea and lemonade marketed using Arnold Palmer's name, likeness, and umbrella logo, powdered drink mixes, fruit snacks, and energy drinks) in retail outlets across the State of Texas.  For example, in Marshall alone, AriZona sells its products at:

      i.  Walmart Supercenter # 918, 1701 East End Boulevard North;

      ii.  Kroger, 300 East End Boulevard North;

      iii.  Super 1 Foods # 631, 207 East End Boulevard South;

      iv.  Dollar General, 1506 W. Grand Avenue;

      v.  Dollar General, 624 East End Boulevard South;

      vi.  Dollar General, 9646 US Highway 59 North;

      vii.  Walgreens Pharmacy, 309 East End Boulevard North;

      viii.  CVS Pharmacy, 400 East End Boulevard North;

      ix.  Lowe's Home Improvement Center # 1762, 910 East End Boulevard North; and

      x.  Casey's (formerly CEFCO), 3100 East End Boulevard North.[1]

---

[1] Plaintiff does not intend that this list be construed as exclusive; rather, this is a list of retail outlets where AriZona's products were shown as available for purchase on the retailer's website and marked as in stock at the

b. Defendant AriZona Beverages USA, LLC, has registered with the Texas Secretary of State to conduct business (and pay state franchise tax) in this State.

c. Defendants Refresco Beverages US Inc., and Refresco US Holding Inc. (collectively, "the Refresco defendants"), maintain manufacturing and/or distribution facilities in the State of Texas.  Although the product at issue herein was manufactured in Lakeland, Florida, the Refresco defendants maintain manufacturing and/or distribution facilities at the following Texas locations:

    i.   15200 Trinity Boulevard, Fort Worth, Texas 76155[2];

    ii.   4238 Director Drive, San Antonio, Texas 78219[3]; and

    iii.   8400 Imperial Drive, Waco, Texas 76712.[4]

d. Defendant Refresco Beverages US Inc., has registered with the Texas Secretary of State to conduct business (and pay state franchise tax) in this State.

### III.    AGENCY / RESPONDEAT SUPERIOR

8.    Whenever it is alleged in this Complaint that Defendant AriZona Beverages USA, LLC, did any act or thing, it is meant that the agents, servants, employees, parent agents, ostensible agents, agents by estoppel, and/or representatives of Defendant AriZona Beverages USA, LLC, did such act or thing, and at the time such act or thing was done it was done with the authorization

---

location(s) identified herein on April 30, 2026.  Additionally, Plaintiff expects that AriZona's products are also for sale at a number of retailers whose websites lack the capability of allowing the user to search a particular store's inventory **or** that have no website at all (e.g., convenience stores, independently owned grocers, etc.).

[2] The Tarrant Appraisal District assessed the market value of the Refresco defendants' business personal property at its Fort Worth location for 2025 at nearly $50 million.

[3] The Bexar Central Appraisal District divides the Refresco defendants business personal property between three accounts.  For tax year 2025, the sum of the market value of all three accounts totals $22,307,956.00.

[4] Refresco Beverages US Inc., owns the land at 8400 Imperial Drive, which was valued in 2025 at $3,049,200.00.  The improvements at that location were divided between multiple accounts, and the value of the improvements (as determined by the McLennan County Appraisal District in 2025) totaled $30,826,380.00.  The Refresco defendants' business personal property at that location was valued in 2025 at a total of $138,441,760.00.

of Defendant AriZona Beverages USA, LLC, and/or was done in the normal routine course of the agency or employment of Defendant AriZona Beverages USA, LLC.

9.      Whenever it is alleged in this Complaint that Defendant Refresco Beverages US Inc., did any act or thing, it is meant that the agents, servants, employees, parent agents, ostensible agents, agents by estoppel, and/or representatives of Defendant Refresco Beverages US Inc., did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant Refresco Beverages US Inc., and/or was done in the normal routine course of the agency or employment of Defendant Refresco Beverages US Inc.

10.      Whenever it is alleged in this Complaint that Defendant Refresco US Holding Inc., did any act or thing, it is meant that the agents, servants, employees, parent agents, ostensible agents, agents by estoppel, and/or representatives of Defendant Refresco US Holding Inc., did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendant Refresco US Holding Inc., and/or was done in the normal routine course of the agency or employment of Defendant Refresco US Holding Inc.

## IV.    FACTS

11.      On or about October 18, 2024, at approximately 5:29 PM local time, Plaintiff Darick Putney purchased one sealed can of AriZona Rx Energy Herbal Tonic from the Brake Time Corner Market #178 located at 1711 Judson Road, Longview, Texas 75605.  According to the receipt, Plaintiff paid $1.49 plus applicable sales tax for the can of AriZona Rx Energy Herbal Tonic.  The "best by" date stamped on the bottom of the can is July 15, 2026, and the lot number appears to be "JB 197 24 0939."  On information and belief, Plaintiff pleads that the Refresco

5

defendants manufactured the can of AriZona Rx Energy Herbal Tonic at their manufacturing facility located at 2090 Bartow Road, Lakeland, Florida 33801.[5]

12. After purchasing the can of AriZona Rx Energy Herbal Tonic, Plaintiff opened the can and began to consume its contents. In addition to the beverage expected to be present inside the can, Plaintiff encountered all or part of a dead rodent inside the can, which he discovered only after consuming at least a portion of the beverage.

13. As a direct and proximate result of consuming a portion of the beverage contaminated with part or all of a dead rodent, Plaintiff became nauseous and, ultimately, sought medical attention. Consequently, Plaintiff sustained the damages more fully described below.

14. Both the retailer, Brake Time Corner Market # 178, and the wholesale distributor of AriZona's products in the Longview, Texas, area, Made-Rite, LLC, are nonmanufacturing sellers within the meaning of Texas Civil Practice and Remedies Code §§ 82.001(3) and 82.003.

15. Each Defendant herein is a manufacturer within the meaning of Texas Civil Practice and Remedies Code § 82.001(4) and shall indemnify and hold harmless all nonmanufacturing sellers against loss arising from this action pursuant to Texas Civil Practice and Remedies Code § 82.002.

V.      STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

16. At all relevant times, Defendants were engaged in the business of designing, manufacturing, marketing, processing, packaging, inspecting, selling, and distributing canned and/or bottled non-alcoholic beverages such as the sealed can of AriZona Rx Energy Herbal Tonic at issue herein. Moreover, Defendants expected that the canned and/or bottled non-alcoholic

---

[5] In response to the undersigned counsel's letter of representation, AriZona Beverages USA, LLC, represented to Plaintiff that the can identified in said letter "…was manufactured by an AriZona Beverages USA LLC ("AriZona") co-packer, Refresco, in Lakeland, Florida."

beverages that they designed, manufactured, marketed, processed, packaged, inspected, distributed, and/or sold will reach and be consumed by their consumers without substantial change in the condition between the time at which they were packaged and left Defendants' manufacturing and warehouse facilities and when they reach the end consumer via retail sale.

17.     At the time Plaintiff opened and began consuming the contents of the sealed can of AriZona Rx Energy Herbal Tonic at issue herein after purchasing it from a retail outlet in Longview, Texas, Plaintiff was using the product manufactured and sold by Defendants for the purpose for which it was intended.  Defendants intend and expect that their canned and/or bottled non-alcoholic beverages will be consumed by their customers.

18.     While engaged in the designing, manufacturing, marketing, processing, packaging, inspecting, distributing, and/or selling of canned and/or bottled non-alcoholic beverages such as the AriZona Rx Energy Herbal Tonic at issue herein, Defendants designed, manufactured, marketed, processed, packaged, inspected, distributed, and/or sold the sealed can of AriZona Rx Energy Herbal Tonic at issue herein and distributed it into the stream of commerce.

19.     The sealed can of AriZona Rx Energy Herbal Tonic at issue herein was defectively manufactured in that it deviates, in its construction and quality, from the specification or planned output in a manner that renders it unreasonably dangerous.  Specifically, Defendants allowed all or part of a dead rodent to enter the can of AriZona Rx Energy Herbal Tonic at issue herein before sealing it, and Defendants' quality control processes failed to identify the contaminated can and segregate it from Defendants' inventory before it reached the public.  Thus, the sealed can of AriZona Rx Energy Herbal Tonic at issue herein was unsuitable for the purpose for which it was manufactured, marketed, and sold.

20. Defendants' defective manufacture of the sealed can of AriZona Rx Energy Herbal Tonic at issue herein was a producing cause of Plaintiff's injuries and damages.  Plaintiff therefore invokes the Doctrine of Strict Liability in RESTATEMENT (SECOND) OF TORTS, § 402A, and as adopted by the Supreme Court of Texas.

## VI.    NEGLIGENCE

21. The occurrence made the basis of this lawsuit and Plaintiff's resulting injuries and damages were proximately caused by Defendants' negligent and negligent *per se* acts and/or omissions, which include – but are not limited to – one or more of the following:

a. Failing to use due care in the manufacturing of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

b. Failing to properly train their employees to use due care in the manufacturing of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

c. Failing to properly supervise their employees so that their employees use due care in the manufacturing of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

d. Failing to use due care in the packaging of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

e. Failing to properly train their employees to use due care in the packaging of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

f. Failing to properly supervise their employees so that their employees use due care in the packaging of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

g. Failing to use due care in the inspection of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

h. Failing to properly train their employees to use due care in the inspection of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

8

i.  Failing to properly train their employees to use due care in the inspection of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

j.  Failing to perform adequate quality assurance testing in connection with the manufacture of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) to prevent the contamination of the can's contents with rodent matter;

k.  Failing to keep their manufacturing and packaging facilities free from rodents, insects, and other pests;

l.  Failing to maintain proper sanitation and hygiene practices in the manufacture and packaging of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents);

m.  Failing to implement adequate safeguards to prevent the contamination of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) with rodent matter;

n.  Failing to comply with U.S. Food and Drug Administration ("FDA") standards and regulations when manufacturing, processing, packaging, and/or inspecting the can of AriZona Rx Energy Herbal Tonic at issue herein;

o.  Introducing adulterated and/or contaminated food into the stream of commerce in violation of the Texas Food, Drug, and Cosmetic Act, Texas Health & Safety Code § 431.001, *et seq.*;

22.  Moreover, Plaintiff alternatively pleads – to the extent necessary – the legal doctrine of *res ipsa loquitur*. The preparation, distribution, and marketing of the can of AriZona Rx Energy Herbal Tonic at issue herein (and its contents) were in the Defendants' exclusive control. The incident described herein above was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendants. Finally, such negligence proximately caused Plaintiff's injuries and damages.

23.  Each and all of these acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

9

## VII.    BREACH OF EXPRESS WARRANTIES

24.    According to the packaging depicted on AriZona's website, AriZona describes contents of the can of AriZona Rx Energy Herbal Tonic at issue herein as follows:

- "A Refreshing Herbal Tonic," and

- "An Invigorating Blend of Green Tea, Tropical & Citrus Fruits, Panax Ginseng, Eleuthero Root, Guarana, Schisandra, and Vitamins A, C & E."

25.    The packaging lists the ingredients as follows:

Ingredients: Premium brewed blend of green teas using filtered water, high fructose corn syrup (glucose-fructose syrup), pear juice from concentrate, mango puree, orange blossom honey, citric acid, lemon juice from concentrate, natural flavors, ascorbic acid (Vitamin C), gum acacia, caffeine, beta carotene for color, Vitamin E acetate, ester gum, guarana root extract, Vitamin A palmitate, panax ginseng extract, eleuthero root extract, schisandra extract.

Notably absent from the list of ingredients is any mention of rodents, rodent matter, or necrotic rodent tissue.

26.    The foregoing statements are contained on labeling printed on and/or applied to the can by the Refresco defendants.

27.    Additionally, the description of AriZona Rx Energy Herbal Tonic on AriZona's website states, "RX Energy Herbal Tonic readies you for the day ahead thanks to a rich blend of green tea, tropical citrus fruits, ginseng, and essential vitamins."

28.    Defendants breached these warranties by manufacturing a can of AriZona Rx Energy Herbal Tonic containing the remains of a dead rodent.

29.    Simply put, upon encountering the remains of a dead rodent in the can of AriZona Rx Energy Herbal Tonic after consuming part of the contents of said can, Plaintiff found the Rx Energy Tonic neither refreshing nor invigorating.  Rather than being readied for the day ahead, Plaintiff spent much of that day nauseous and undergoing medical examination and/or treatment.

30.    Plaintiff relied on the express warranties contained in the statements printed on Defendants' packaging.  Defendants' breaches of these express warranties were a producing and/or proximate cause of the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## VIII.    BREACH OF IMPLIED WARRANTIES

31.    Defendants, their agents, servants and employees, impliedly warranted to the public generally, and specifically to Plaintiff, that the product provided by Defendants to Plaintiff was pure, wholesome, not defective, was not unreasonably dangerous, and that it was reasonably fit, safe, and suitable for the purpose intended when used under ordinary conditions and in an ordinary manner.

32.    Specifically, and to the extent necessary and in addition to the above, Texas Business & Commerce Code § 2.314(a) provides a warranty that goods, including food or drink sold for value, shall be merchantable is implied in a contract for their sale.  Brake Time Corner Market # 178 is a gasoline/diesel fuel station and convenience store that, among other goods for sale, sells a variety of canned and/or bottled beverages, both alcoholic and non-alcoholic.  To the extent that Section 2.314(a) creates liability for Brake Time Corner Market # 178, Texas Civil Practice and Remedies Code § 82.002 imposes on the Defendants the duty to indemnify Brake Time Corner Market # 178.  Moreover, Defendants are certainly merchants with respect to goods of the type that they design, manufacture, market, process, package, inspect, distribute, and/or sell, specifically including but not limited to canned and/or bottled non-alcoholic beverages.

33.    The can of AriZona Rx Energy Herbal Tonic at issue herein was not merchantable at any relevant time.  Specifically, the can at issue and/or its contents:

a. Was **not** fit for the ordinary purposes for which such goods are used, *see* Tex. Bus. & Com. Code § 2.314(b)(3); and

b. Did **not** conform to the promises or affirmations of fact made on the container or label, *see* Tex. Bus. & Com. Code § 2.314(b)(6).

34. Defendants further breached their implied warranty under Texas law that food products (including beverages) sold and intended for human consumption shall be pure, wholesome, and fit for human consumption. Defendants introduced into the stream of commerce the can of AriZona Rx Energy Herbal Tonic at issue herein such that it was ultimately sold to Plaintiff. The contents of said can were not pure, were not wholesome, and were not fit for human consumption.

35. Plaintiff relied upon these implied warranties. Defendants' breaches of these implied warranties were a producing and/or proximate cause of the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## IX. DAMAGES

36. As a direct and proximate result of the wrongful and negligent conduct of Defendants, Plaintiff sustained significant personal injuries. As a result of these injuries, Plaintiff has suffered the following damages:

a. Reasonable and necessary medical expenses actually paid or incurred by or on behalf of Plaintiff in the past;

b. Physical pain and suffering in the past;

c. Mental anguish in the past; and

d. Physical impairment in the past.

12

37.    Plaintiff seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## X.    PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer and that, upon final trial of this cause, Plaintiff recover judgment against Defendants for the following:

a.    Actual damages within the jurisdictional limits of this Court;

b.    Pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

c.    Costs of Court; and

d.    All such other and further relief to which Plaintiff may show himself justly entitled.

> Respectfully submitted,
> SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
>
> */s/ Alan J. Robertson*
> ALAN J. ROBERTSON
> State Bar No. 24067952
> arobertson@sloanfirm.com
> 101 East Whaley Street
> Longview, Texas 75601
> Telephone    903-757-7000
> Facsimile    903-757-7574
>
> ATTORNEYS FOR PLAINTIFF